UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARK WASHINGTON, AS TRUSTEE FOR STONEBROOK LAND TRUST, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| VS. | ) ) | 3:16-CV-2539-G |
| FREEDOM MORTGAGE CORPORATION, | ) ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the court is the motion of the defendant Freedom Mortgage Corporation ("Freedom Mortgage") to dismiss (docket entry 6) under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for relief. For the reasons stated below, the motion is granted.

I.  BACKGROUND

On June 16, 2012, Keith W. Richardson ("Richardson") executed a note in favor of Amerigroup Mortgage Corporation, a division of Mortgage Investors Corporation ("Mortgage Investors"), that was secured by a deed of trust ("deed") on

the residence at 2217 Stonebrook Lane, Mesquite, Texas 75181 (the "Property"). Deed of Trust (docket entry 6-1). Richardson failed to satisfy his homeowners' association assessments, and thereafter the association foreclosed on the Property. Defendant's Motion to Dismiss (docket entry 6) at 2. On October 6, 2015, Stonebrook Land Trust acquired title to the Property. *Id*.; *see also* Petitioner's Original Petition, Request for Restraining Order and Application for Temporary Injunction ("Petition"), *attached to* Additional Attachments to Notice of Removal ("Additional Attachments")(docket entry 3) at 4-13, ¶ 7; Assessment Lien Deed, *attached to* Additional Attachments, at 11-13. On July 28, 2016, Mortgage Investors transferred the deed to Freedom Mortgage. Motion at 2; *see also* Assignment (docket entry 6-2).

On August 30, 2016, the plaintiff Mark Washington ("Washington"), as trustee for Stonebrook Land Trust, filed this case in the 193rd Judicial District Court of Dallas County, Texas, against Freedom Mortgage. Defendant's Notice of Removal ("Notice of Removal") ¶ 1 (docket entry 1); *see generally* Petition. In the petition, Washington seeks to compel Freedom Mortgage to provide "reasonable proof" that Freedom Mortgage is entitled to enforce the note and requests a temporary restraining order enjoining foreclosure of the Property. Petition ¶¶ 12, 27. On September 2, 2016, Freedom Mortgage removed the case to this court. *See generally* Notice of Removal. Freedom Mortgage contends that Washington is an "unrelated

third-party who impermissibly seeks to compel Freedom to prove it is entitled to enforce the lien encumbering a property Plaintiff purchased at a home owners' association foreclosure." Motion at 1. On September 9, 2016, Freedom Mortgage moved to dismiss this case on the ground that Washington brings a declaratory action without underlying substantive causes of action. *Id*. Washington did not respond to the motion.

## II.  ANALYSIS

### A.  Standard for Determination under Rule 12(b)(6)

FED. R. CIV. P. 12(b)(6) authorizes dismissal of a complaint "for failure to state a claim upon which relief can be granted." "In considering a motion to dismiss for failure to state a claim, a district court must limit itself to the contents of the pleadings, including attachments thereto." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (citing FED. R. CIV. P. 12(b)(6)). "To survive a 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007)), *cert denied*, 552 U.S 1182 (2008). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of

action will not do." *Twombly*, 550 U.S. at 555 (internal citation, quotations marks, and brackets omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re Katrina Canal*, 495 F.3d at 205 (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted). "The court accepts well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Id.* (quoting *Martin K. Eby Construction Company, Inc. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)) (internal quotation marks omitted).

The Supreme Court has prescribed a "two-pronged approach" to determine whether a complaint fails to state a claim under Rule 12(b)(6). See *Ashcroft v. Iqbal*, 556 U.S. 662, 678-679 (2009). The court must "begin by identifying the pleadings that, because they are no more than conclusions, are not entitled to the presumption of truth." *Id.* at 679. The court should then assume the veracity of any well-pleaded allegations and "determine whether they plausibly give rise to an entitlement of relief." *Id.* The plausibility principle does not convert the Rule 8(a)(2) notice pleading standard to a "probability requirement," but "a sheer possibility that a defendant has acted unlawfully" will not defeat a motion to dismiss. *Id.* at 678. The plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of

misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief." *Id.* at 679 (alteration in original) (*quoting* FED. R. CIV. P. 8(a)(2)). The court, drawing on its judicial experience and common sense, must undertake the "context-specific task" of determining whether the plaintiff's allegations "nudge" his claims against the defendant "across the line from conceivable to plausible." See *id.* at 680, 683.

### B. Declaratory Judgment Act

Although Washington filed this suit in Texas state court, "[w]hen a declaratory judgment action filed in state court is removed to federal court, that action is in effect converted into one brought under the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202." *Redwood Resort Properties, LLC v. Holmes Company Limited*, No. 3:06-CV-1022-D, 2007 WL 1266060, at *4 (N.D. Tex. Apr. 30, 2007) (Fitzwater, J.) (citing *I2 Technologies US, Inc., v. Lanell*, No. CIV. A. 3:02-CV-0134-G, 2002 WL 1461929, at *7 n.5 (N.D. Tex. July 2, 2002) (Fish, C.J.)). The federal Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction, ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. "The federal Declaratory Judgment Act . . . does not create a substantive cause of action"; rather, a declaratory judgment action is purely a "vehicle that allows a party

to obtain an early adjudication of an actual controversy arising under other substantive law." *Metropcs Wireless, Inc. v. Virgin Mobile USA, L.P.*, No. 3:08-CV-1658-D, 2009 WL 3075205, at *19 (N.D. Tex. Sept. 25, 2009) (Fitzwater, C.J.) (internal quotations and citations omitted). The act imposes no duty to declare rights. *Id.* Instead, it provides "[f]ederal courts [with] broad discretion to grant or refuse a declaratory judgment." *Id.*

Washington has alleged no facts giving rise to a plausible substantive claim or suggesting a present genuine controversy between the parties. To the extent his petition may be construed as seeking declaratory relief, he fails to state claim. Thus, Freedom Mortgage's motion is granted. See *Turner v. AmericaHomeKey, Inc.*, 2011 WL 3606688, at *5-6 (N.D. Tex. Aug.16, 2011) (Fitzwater, C.J.), *aff'd*, 514 Fed. Appx. 513 (5th Cir. 2013).

### III. CONCLUSION

For the reasons stated above, the defendant's motion to dismiss is **GRANTED**.

**SO ORDERED.**

October 21, 2016.

_____
A. JOE FISH
**Senior United States District Judge**